IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lindsey O'Connor, | ) |
| Plaintiff, | ) |
| v. | ) No. 17 C 8721 |
| CMRE Financial Services, Inc., a California corporation, | ) |
| Defendant. | ) <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Lindsey O'Connor, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Lindsey O'Connor ("O'Connor"), is a resident of the State of Massachusetts, from whom Defendant attempted to collect a defaulted consumer debt owed for medical services, despite the fact that she had exercised her right to be represented by the legal aid attorneys at the Chicago Legal Clinics' Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4. Defendant, CMRE Financial Services, Inc. ("CMRE"), is a California corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. CMRE operates a nationwide default debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant CMRE was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant CMRE is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant CMRE conducts extensive and substantial business in Illinois.

6. Defendant CMRE is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant CMRE acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. O'Connor fell behind on paying her bills, including a debt she owed for medical services. While Defendant CMRE was trying to collect this defaulted debt from Ms. O'Connor, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding her financial difficulties and Defendant's collection actions.

8. Accordingly, on September 22, 2017, one of Ms. O'Connor's attorneys at LACD informed Defendant, in writing, that Ms. O'Connor was represented by counsel,

and directed CMRE to cease contacting her, and to direct all further collection activities to her attorneys at LACD, because Ms. O'Connor was forced, by her financial circumstances, to try and negotiate a payment plan as to her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Thereafter, on October 18, 2017 and November 10, 2017, from their offices in Chicago, Illinois, Ms. O'Connor's attorneys at LACD sent Defendant CMRE monthly payments, which payments were accepted by Defendant.

10. Nonetheless, Defendant CMRE communicated directly with Ms. O'Connor, by directly calling her on or about November 15, 2017 from telephone number 800-783-9118, to demand payment of the medical debt.

11. Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to demand the collection communications made directly to her cease and, instead, be directed towards her attorneys, Defendant's continued collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

12. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendant's actions caused Plaintiff to question whether she was still represented by counsel as to this debt, which caused stress and confusion.

13. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

3

14. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Ms. O'Connor's attorney/agent, LACD, told Defendant to cease communications with Ms. O'Connor (Exhibit C). By continuing to communicate by directly calling Ms. O'Connor regarding the debt and demanding payment from Ms. O'Connor, Defendant CMRE violated § 1692c(c) of the FDCPA.

18. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendant CMRE knew that Ms. O'Connor was represented by counsel in connection with her debts because her attorneys at LACD had informed Defendant CMRE, in writing (Exhibit <u>C</u>), that she was represented by counsel, and had directed Defendant to cease directly communicating with her. By directly calling Ms. O'Connor, despite being advised that she was represented by counsel, Defendant CMRE violated § 1692c(a)(2) of the FDCPA.

22. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C.§1692k.

## PRAYER FOR RELIEF

Plaintiff, Lindsey O'Connor, prays that this Court:

1. Find that Defendant CMRE's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Ms. O'Connor and against Defendant CMRE, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lindsey O'Connor, demands trial by jury.

Lindsey O'Connor,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: December 4, 2017

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com